In the Matter of the Application of the ALLERAD REALTY CORPORA-
TION, Petitioner, for a Peremptory Order of Mandamus against
the FIRE COMMISSIONER OF CITY OF NEW YORK, Respondent.

Supreme Court, New York County, September 9, 1930.

*J. Sidney Bernstein*, for the petitioner.

*Arthur J. W. Hilly, Corporation Counsel*, for the respondent.

VALENTE, J.   This is an application for a peremptory mandamus
order to compel the fire commissioner to pass upon plans for a
garage filed in his office.   Prior thereto the superintendent of build-
ings had duly approved them within the purview of his jurisdiction,
including their conformity with the Building Zone Resolution.   The
fire commissioner rejected them with this notation: " A garage on
the same street between the same intersecting streets, in which por-
tion there exists an exit from or an entrance to a school, is prohibited
(section 21, Building Zone Resolution).   No further examination at
this time."   It thus appears that he did not examine the plans beyond
deciding that they violated the Building Zone Resolution.   Sub-
division 1 of section 719 of the Greater New York Charter (as added
by Laws of 1916, chap. 503, § 6, as amd.) provides for an appeal
from an order of any superintendent of buildings or from an order
" made by the fire commissioner under the authority of title three of
chapter fifteen of this act or of any ordinance,   *   *   *."   Section

23 of the Building Zone Resolution of the board of estimate provides that it " shall be enforced by the tenement house commissioner and by the superintendent of buildings in each borough, under the rules and regulations of the Board of Standards and Appeals.  *  *  *  The superintendent of buildings shall in each borough enforce said regulations in so far as they relate to buildings or premises other than tenement houses." The proposed structure is not a tenement house. The superintendent of buildings, therefore, under section 406 of the Greater New York Charter (as amd. by Laws of 1918, chap. 617), has exclusive jurisdiction so far as involves the question of the compliance of the proposed structure with the zoning laws. If his decision is unsatisfactory, it is appealable under section 719, subdivision 1, to the board of standards and appeals. A similar provision for appeal from the determination of the fire commissioner is provided in that section, but such appeals only refer to action by the commissioner under the authority of title 3 of chapter 15 of the charter (§ 760 *et seq.*). An examination of title 3 shows that it deals with prevention of fires, explosives, combustible materials. Nowhere in section 775 (Subds. 2, 3, as amd. by Laws of 1916, chap. 503, § 8; subds. 6, 7, as added by Laws of 1911, chap. 899, and Laws of 1916, chap. 503, § 9), dealing with the powers of the commissioner, is there any reference to his right to supervise the plans for the construction of any building pursuant to the rules and regulations of the board of standards and appeals, outside of the provision for safety, nor is there any provision in the Code of Ordinances delegating him with any duties with reference to the Building Zone Resolution. Consequently, his statement that the proposed building was to be erected in violation of the zoning regulations was an opinion uttered outside of his official duties and virtually a reversal of the official action of the superintendent of buildings, charged with the duty of enforcing the Building Zone Resolution. If the superintendent of buildings was wrong, the proper procedure was either for an appeal by any party aggrieved, or by an action for an injunction on the part of the corporation counsel. (Building Zone Resolution, § 23.)

The motion is granted to the extent of directing the fire commissioner to examine the plans under the authority of title 3 of chapter 15 of the charter.